STANDARD ATHLETIC CLUB *vs.* ARTHUR CUSHING, ET AL.

DECEMBER 28, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Shows and Exhibitions.  Licenses.*

Gen. Laws, cap. 103, §§ 1 and 2, provide that town councils may license certain shows, dances, etc., for a sum not less than one dollar nor exceeding one hundred dollars for any single performance.

A town council granted a license to hold dances and athletic exhibitions, to continue in force for one year unless sooner revoked for cause, for a fee of fifty dollars:—

*Held,* that the town council was without jurisdiction to issue the license conferring the privilege of holding an indefinite number of exhibitions at any time within the period of one year.

*Held,* further, that the statute contemplated a definite licensing for each performance, with the consequent necessity and opportunity of supervision as to its nature and the time and place of its being given.

BILL in equity, on facts stated in opinion.  Heard on appeal and dismissed.

BLODGETT, J.  This is a bill in equity brought by the complainant, a Rhode Island corporation, praying for an injunc-

tion against the respondents as the members of the town council and the town sergeant of the town of North Providence, respectively, and praying that they may be restrained from interfering with the giving of certain boxing and sparring exhibitions in said town. The complainant bases its claim of right to give such exhibitions upon a certain license, which it claims was issued by a former town council of that town, by vote of August 2, 1909, and for which the fee was not paid until the license was issued by the town clerk, on November 17, 1909, when the present respondents had severally been elected as members of the town council and town sergeant at the election held in said town on November 2, 1909.

The license in question is in the following form:    "Town of North Providence. By order of the town council of the town of North Providence, and pursuant to the laws of the State of Rhode Island and Providence Plantations, license is hereby granted the Standard Athletic Association, J. E. Doherty, to hold dances, athletic exhibitions, such exhibitions to consist of wrestling, boxing, fencing, etc., to continue in force for one year unless sooner revoked for cause. Signed and sealed by order of and in behalf of said council this 22nd day of August, 1909. Lewis A. Sweet, town clerk. Taken out November 17th, 1909. Fee, $50.00."

After decree dismissing the bill in the Superior Court, the complainant has brought the case here on appeal therefrom.

The provisions of the statute concerning the matter in question are to be found in Gen. Laws, cap. 103, §§ 1 and 2, as follows: "SECTION 1. No person shall publicly or for pay or for any profit or advantage to himself, exhibit or promote or take part in any theatrical performance, or rope or wire dancing or other show or performance, or conduct, engage in, or promote any wrestling, boxing, or sparring match or exhibition, nor shall any person for any pecuniary profit or advantage to himself, promote any public roller-skating in rinks or halls, or give any dance or ball, without a license from the town council of the town in which such performance, show, exhibition, dance, or ball is sought to be given.

"SEC. 2. Town councils may license such performances,

shows, exhibitions, public roller-skating in rinks or halls, dances, and balls, within their several towns, subject to such regulations and restrictions as they may prescribe; but no such license shall authorize any of the aforementioned performances, shows, exhibitions, dances, or balls, for the first day of the week; and said town council shall demand and receive of every person to whom a license shall be granted under this chapter, such sum not exceeding one hundred dollars, nor less than one dollar, for any single performance, show, exhibition, dance, or ball, as they may deem proper: *Provided,* that performances and entertainments given by religious and charitable societies for the purpose of furthering their religious or benevolent work are hereby excepted from the provisions of this chapter as to fees."

(1)    We are of the opinion that the town council was without jurisdiction to issue the license in question, conferring the privilege of holding an indefinite number of entertainments, or even daily entertainments and exhibitions, at any time within the period of one year, and without restriction either as to their number or the time or place of their being held. The statute confers no authority to grant a license for the term of a year, and if it may lawfully grant a license for that period, in the absence of statutory authority, it may with equal right grant such licenses for any longer period at its discretion.

Pub. Stat. cap. 88, § 2, authorized the granting of licenses by town councils, in cases similar to the case at bar, "for such term not exceeding one year and subject to such regulations as they may prescribe." But by Pub. Laws, cap. 505, passed April 24, 1885, the clause "for such term not exceeding one year" was stricken out of the statute, and cap. 103, § 2, Gen. Laws of 1896, substantially re-enacted the statute without the clause aforesaid. The clear legislative intent to deprive the town councils of such indiscriminate licensing is thus made manifest, as is also the equally clear intent of the legislature to prescribe a definite licensing for each such entertainment or performances with the consequent necessity and opportunity of supervision as to its nature and the time and place of its being given.

The statute prescribes, moreover, that the town council "shall

demand and receive of every person to whom a license shall be granted under this chapter, such sum not exceeding one hundred dollars, nor less than one dollar, for any single performance, show, exhibition, dance, or ball, as they may deem proper." This provision requires the council to fix a certain sum, within the amounts named, for each occasion for which the protection of the license is invoked. This has not been done in the case at bar, and under the license here both "dances" and "athletic exhibitions" might be given on every week-day of the year, if the complainant's contention be correct. No time or place is specified in the license for the giving of these dances and exhibitions, but these incidents, as well as the number and the nature of each such entertainment or exhibition, are left wholly to the determination of the licensee, without any means provided for notice thereof to the town council, resulting in a practically entire loss of the opportunity for supervision of them, which it is the evident purpose of the statute to confer, as well as affording an opportunity, on payment of the sum of fifty dollars, for holding a far greater number within the year than the statute permits to be held at the minimum fee of one dollar each. The utmost validity we can give to this so-called license, is, in view of the fact that the fee of fifty dollars is one-half of the fee of one hundred dollars which the town council is authorized to demand and receive for one performance, that it ceased to be valid after the first "dance" or "athletic exhibition" had been given thereunder; and inasmuch as it was conceded at the argument that one such event has already taken place, it follows that the license is of no further validity.

Appeal dismissed, and decree of Superior Court, dismissing bill, affirmed.

*Wm. M. P. Bowen,* for complainant.

*James C. Collins, Jr.,* for respondents.